Good morning. Good morning. My name is Hunter Feldman and I'm counsel for the Plaintiffs' Appellants. I'd like to reserve four minutes, but I'll keep track of the time. The county, for honor's sake, does not dispute that the Nealovac was improper conduct and it did nothing to stop him from sexually molesting his probationers. The evidence of knowledge and inaction in this case is a promotement. So instead, the county has asserted one and only one defense, which is the statute of limitations. But as this court has made clear over and over again, whether and when plaintiffs feel that they had a claim against the county are fact issues. And the Magistrate Judge in this case correctly recognized that a jury has to make that determination. And both sides have cited a whole lot of cases. Some of those cases find fact issues, some of those cases don't. There's a clear dividing line between the two groups of cases, and it's the complexity and subtlety of the plaintiff's claims. In Bell, for example, we have a simple case the plaintiff was physically beaten. He told his teachers and his parents about the beatings, and he alleged real injuries whose cause he belatedly discovered. In those circumstances, the accrual date can be decided as a matter of law. On the other hand, we've cited several cases that involved very complicated and subtle injuries. Sexual trauma is an example, incentives and reason. Alternative explanations for the harm that's by vote, or claims against the institutional defendants, which is the issue that the Oregon Supreme Court addressed at some point in the TR. And we've also cited reasoner Trezon and Wilson. In those sorts of cases, the statute of limitations cannot be decided as a matter of law. And this distinction isn't one that I just made up. It's precisely what this court said in Simmons. The court said there that it is particularly inappropriate to determine as a matter of law what the plaintiff should have known in cases where the cause of the injury is complicated. Counsel, what are you describing as the injury in this case? The injury, principally in this case, is the psychological harm that was caused to these individuals as adults as a result of the sexual molestation abuse that occurred as children. So the actual sexual assault is not the injury in your view? The physical injury caused by the assault is not an issue. That would have been a claim against Lucky. The claim against Lucky is not the issue. It would have been against the county as well. Well, the claim against the county is different, and I think that is the critical point that I want to emphasize in the oral argument. It is a different claim, and it is what makes this case complicated. Because the plaintiffs have sued the county, and they haven't sued Lucky. And courts, again, have made clear over and over again that it's not just the knowledge of the injury but the knowledge of who caused the injury that is a critical factor in triggering the statute of limitations. So you rely on to support the proposition that the statute of limitations does not begin to run until there is a discovery of who caused the injury. What case do you rely on? I want to know. I want to know. The Oregon Supreme Court, applying federal law, the Oregon Supreme Court made brutally clear that case. And courts have, I think, uniformly followed this view that when you have two defendants, one of whom is institutional, it's the knowledge of the institutional defendant who is wrongdoing that triggers the statute of limitations as a defendant. And so in this particular case, the institutional claim requires evidence of knowledge in action, deliberate indifference. There is a shred, there is one shred of evidence that these plaintiffs could have known prior to just earlier, prior to when they filed the lawsuit, that Josephine County knew and did nothing to prevent it. Well, this was a very, very public situation. It could have gone to press. It was generally known in the community. That's true as of 2014. It is not true as of 1984. The district court makes its reference and its peek into publicly available information in 1994. There was no internet. In 1994, when we sued the county, there was no PCF, or case management system. There was no public information at that time. Do you know the press coverage? No. The press coverage was that there was an obituary. That was it. There was an obituary that Bucky had passed away. That was the only press coverage. The only press coverage that talked about the claims against the county was in 2014, which was after the first plaintiff jumped out and filed his lawsuit. He was picked up in the press, and additional plaintiffs brought suit. Now, I think it's very significant that when you look at literally dozens, dozens of people who were sexually abused by Bucky, none of them but one brought suit. So, Kelsey, if I can interrupt. Is it your position, your argument is that these statutory limitations should begin to run? You see, I don't want to say this. It's not your argument that the statute of limitations begins to run when the plaintiffs either knew or should have known that they were psychologically harmed also, but it begins to run when they either knew or should have known that they had been psychologically harmed by Josephine County. Right. It's the latter. That's correct. They had to know that Josephine County was independently liable. Now, so how does your argument play out in conjunction with these statutory bills? Well, the statute proposed is a complete language issue. There is a statute in Oregon that provides these statutory limitations, and it says very clearly that the statute of limitations is two years with a discovery rule. Now, by case law, notwithstanding any other provision in Chapter 12, it provides a different statute of limitations. So if we disagree with you regarding the outlandish language in the statute of rebuttals, applies, the claims are extinguished, which I agree. The state law claim is extinguished. The federal claim would not be extinguished. The statute of limitations may not be statutorily proposed. I'm not sure. Well, if I follow your argument, the federal claims would not be extinguished because they borrow the statute of limitations and not the statute of rebuttals. Right. The statute of limitations would be dependent on your argument that the discovery of the injury was three. That's exactly right. That's exactly right. Another way to put it is that the Oregon statute proposed does not borrow the 1983 claim. It would only borrow the statute if we agree with your argument. If we agree with your argument. Right. Right. So what we have, as I said, is the principal claim in this case is the claim against the county. The district court found whether or not a claim accrued was a fact issue, but it found that there was publicly available information, and nobody has ever identified what the publicly available information is. In the 1983 case, do we follow the state law regarding when a claim accrues, or is it a matter of several? That's a matter of several. Right. So is the Oregon court decision binding on us regarding when the claim accrued is DR binding? It wouldn't be binding, but interestingly, it is a 1983 case, 1983, section 1983 case. So you have an example of an Oregon Supreme Court applying federal law, but if your honors look to federal law, what we would suggest is the best case, the Seventh Circuit's decision enters on, which, again, exhaustively analyzes this issue. Can you look at the case that we cited? The circuit has not squarely addressed what happens when you have two defendants. So the best cases that we have are the ones that we cite in our brief. What we would ask is, your honors, if you would review the Bibo case and the Simmons case, and to a lesser extent, the Clameau case. Those are all very instructive, but what you see when you look at the cases involving institutional defendants is although the courts aren't expressing, sometimes they're not expressly addressing the issue, what they're looking at is whether a reasonably diligent plaintiff would have known about the claim against the institutional defendant. And, of course, this case is incredibly complicated for a host of other reasons that I haven't even mentioned yet. You have a situation where these children are being abused by their probation officer. And so you have a situation very similar to what was in Clameau, which involved repression and dependency. These children have to maintain their relationship in order to survive. And so, as our experts have testified, that leads to motivated forgetting. It leads to active suppression of what's called betrayal and blindness. And what's important about that, and I'd like to conclude, is that we have experts who have testified unequivocally that these plaintiffs did not know and could not know until shortly before they filed suit that they had inclined. The defense, they have no experts. They have nobody who disagrees with them. It is established science. We have declarations from all of our clients saying that they did not know until just before they filed suit that their psychological problems as adults were caused by the sexual abuse of these children. And they testified that they did not know until just before filing suit that the county may have been independently liable for their injuries. The only way to decide this issue on statute of limitations grounds is to ignore all of that. And those are fact issues, and they have to be decided by a jury. Thank you. Thank you. Please support Robert Brands for Chelsea County. County Council of Wally Hicks for Chelsea County system. We have the demo. What we do with the statute of limitations is we basically say, here is a period of time that you have to seek legal advice, to go to an attorney and find out whether or not you have a claim. Because we know there is a main person that is injured. For example, you're shot and manipulated by a police officer. Okay, you know you're shot. You know you're a police officer. You know who it is found. You have no idea what Section 1983 is. The person that's shot would have no idea what Section 1983 is. The case officer would have no idea that he's an individual under Section 1983, but he has a qualified defense liability. You have to draw a policy of custody against a disability. You can't get punitive damages against a disability, but you can against an individual. So what we do with the statute of limitations is we say this is the period of time where you have to seek legal advice, and I think that's the language. You know, that we get from a letter from Cooper, after he was given the United States Supreme Court case, where they say in a plaintiff's census, the big part was the facts about what was done to him who could protect himself by seeking advice in a medical and legal community. For example, also the argument that's being made on the other side is that the occurrence was not in 1979 or subsequent to that, but it was in 2010 when there was discovery of the psychological damage. So help us sort out, when does the statute run? The statute runs as soon as the plaintiffs knew they were injured, knew who did it, and knew who the employer was. The statute runs on the date of the abuse. And this is drawn out in the statute of limitations. You can say that you're shot or beaten. As you say, beaten by a police officer or abused by your probation officer. If at that time when he was abused, he could have sued again, and he could have sued again, his case was complete. Well, what about the fact that the victims in this case are minors at the time of the abuse, and the abuse, the act is done in secret. It's not like a police shooting or an allergy that's, I assume, out on a public street with an adult victim. You've got minors who are abused in secret who don't know anything about consulting with lawyers and, in fact, could not on their own bring a lawsuit. What about the facts of this case? They're different, and why isn't that difference significant? You have the law set up, a law-enacted policy decision, and you have the advantage of a 20-century. And you don't have to file the lawsuit when you're older. And you have one year after you turn 18, so you're 19 years old to file it. And that's a policy decision that was made by the legislature. And the cases in the Ninth Circuit, if you look at Bobby versus another scolding street case, and you look at all the cases that he signed, you won't find a case, except for the case that was submitted on subpoena authorities, you won't find a case where a court separates out a claim against an individual and a claim against a municipality. For example, the cases that were given to you as additional authorities, Wilson versus Hades, that was an uptrace case, and that was a case committed by the plaintiffs. The individual officer was not sued within two years of the assault. So his name was Barnard, and the local district court held that the lawsuit against a municipality was delayed for six months. So in that case, the Wilson case, they said, okay, six months. Barnard is a case that was decided, a case that was a 1995 Second Circuit case, and that's where the Second Circuit had made the decision that the individual's claim was barred in three-year status limitations, and the plaintiff argued that his claim against the municipality should be delayed an additional four years, and the court, the Second Circuit said, well, there could be a circumstance where we'll delay an action against the municipality because of the policy, but we're not going to extend it four years. They wanted an extension of between 19 and 34 years. So if you take a look at, you know, the case law, when would these people be required between the ages of 19 years after this and 34, that they should seek legal advice in the community? And so what Judge Aiken did was, okay, let's not try to figure out exactly what this statute limitation is. Let's go from a starting point that's obvious. This is when he took his data, 1994, because that's when Lucky committed suicide. And so that's when the statute was proposed, started, because he couldn't have supervised anybody after that, like, after he's deceased. So the statute was proposed, barred all state cases, because he wasn't found within 10 years, 2004. And so then the backstreet judge said, okay, and remember this, the military were drugs, and the PCPD was public. You would bring bad action for the emotional stress you suffered from the PCPD and from the physical injury. And 20 years from now, if you found all of a sudden you robbed a bank because of what happened, and they had you sued, and you were shot, re-scheduled a car to require that. Well, when we're done, you could not receive the case of this guy in 94, and then lose that argument. And so you can't just say, we're going to separate a statute of detention from the physical injury to the mental injury. And I think that's like Wallace versus Cato, that the science tells us. The cause of mass recruiters, even though the full extent of the injury is not known or predicted. Well, the issue that Mr. Feldman is throwing there, and the case of the moment is that there is no way that any of these plaintiffs would have been able to think that the county was in any way liable. And he dispensed the notion that it was publicly known that this sort of thing was going on. What's your response? Well, let's just go back to data abuse. Okay, you know who abused you, you know the employer, and you know your physical injury. So you file a lawsuit, let's say you file a verdict or a claim to that. The misdemeanor would automatically be liable. You file under Section 1983, you have to approve the policy of custom. Nothing happened from data abuse to the date they filed the lawsuit that showed they have any more knowledge about a custom and policy than they did. Go back there, but let's just go back to 94, and I want you to say a question. In 94, E.D. is in sentence, and he blurts out that I've been abused by Lucky. Lucky's placed on administrative leave. A criminal investigation is done. OSB comes in and does a 100-page investigation. During that investigation, they interviewed John Belmont, and at that time, John Belmont said he had not been abused. Then Lucky's indicted by the grand jury. All this is public, I disagree with counsel. Grand jury indicts Lucky. He commits suicide. E.D. files a lawsuit in 1994, and guess what? He sees the county, and guess what? Under the jury of Section 1983, custom and policy. Had anybody gone to an attorney, any of these victims gone to an attorney, in 1994, that attorney would have seen him, and the lawsuit was filed. He had a vacancy in Section 1983, and guess what? The case was settled, and that was $100. Now, in 1994, you do any kind of investigation, you know a previous lawsuit has been filed. You know that it was against the county, and the county settled it. Now, that is absolute, and that's what Judge Aiken is saying. Judge Aiken also said, if you read her opinion, one of their theories, and their complaint was, the county knew all the time, from 1980 up to the mass abuse, the county was common knowledge that the county knew about the abuse. Judge Aiken said, I'm going to take that information, you said it was common knowledge. It was common knowledge that your opinion should have known to seek an attorney. So, at some point in time, the last person turned 19, I think, in 1997. So, you have 14 and some years to seek legal advice, and I don't know of any case, you're not going to be able to separate out the injury. You know what I'm saying? So, the injury has been physical, and the statute of limitations prevents one. So, you can't have the separate statute of limitations, and I don't know of a ninth circuit case, I don't know of any case anywhere, that is separating out that many years. We don't want it. The second circuit, they said, they would even extend it for four years. So, you're asking for two different statute of limitations. And my position is, if you read their declarations, they each gave a declaration, and in their declaration, they said, I also do not realize that I'm in Josephine County, and so, I'm one of the 20 injuries. I only knew that Lucky abused me. So, and then, each one of them in the previous part of their declaration stated he was my probation officer. And so, you know it's a probation officer, you've been to the office, you know he's employed in Josephine County, at some point in time, 19 and 34 years, your obligation is to see me not wise. And that's why it's not a question of fact. And that's why Judge Aiken says, I can't really be precise to tell you in the statute, the statute of career, but I know, I'm just gonna take this date, when I was first interred, 18, 1996, and I know, between then and 2012, the law requires you to see, advises you, the community. This is no different than a police bribe, in a county case, that could take place in Seabrook. You would be saying that in every case, under section 1983, there's two statutory limitations. One for the individual, and one for the municipality. And the one for the municipality does not start until a plaintiff says, gosh, 20 years ago, this is why I'm getting removed. This is what happened to me. When the initial abuse, is physical and mental, and the abuse is so severe, you read one of the cases, where the court heard that the abuse is so severe, that a reasonable person did not know that they had been harmed, and would harm them. Did I say I have any questions? If not, thank you. Thank you, your honors. The argument that you just heard is precisely the argument that the 9th Circuit rejected it by vote, and it is precisely the argument that the Oregon Supreme Court rejected it, though both of those cases involved district courts, trial court judges, who essentially said, this stuff has been known for years, and the 9th Circuit, by vote, said, this plaintiff didn't know it, and the Oregon Supreme Court, though, said that these plaintiffs didn't know it. We do have sworn testimony from the actual plaintiffs that they were not aware of any of this. That is the issue. It is absolute speculation to say that any of these plaintiffs could have known about the hanging homicide. There was no internet. There was no ECF. It's pure speculation to say that they could have known about the grand jury investigation. Where in the records are a single piece of paper that shows that that was publicly available information? If you were fortunate enough to be able to figure out that he did sue, and that would have required traveling to Edford and asking a court clerk there to search the record, because there was no ECF, what you would find is not that the case settled, but that it was eventually dismissed for lack of prosecution. Those files, of course, were shipped off to a storage facility because these are not electronic files. They're paper files. So they were available in Seattle. How, then, is the plaintiff supposed to get that information? Kubrick, which is the case that talks about obligations to seek a lawyer, doesn't say that it's a spontaneous obligation. It says that you have to be on the inquiry notice. You have to know enough to go speak to a lawyer. Counsel, what's your response to opposing counsel's argument that what you're asking us to do is to split the statute of limitations into one for the individual and a different one for the municipalities? And if so, what supports that argument? I am not aware of a single case that holds that a cause of action against Defendant B is time-barred because the plaintiff knew or should have known about the claim against Defendant A. In the section 1983 case, is your position that B actually is the employee and the employer can be held separately? They can, but I think it's important to distinguish between vicarious liability, which is what opposing counsel was referring to when he said, you know, these plaintiffs knew that an employer was, and that's derivative. So if the claim against the employee is time-barred subject to the vicarious liability claim, it's important to distinguish between that and the separate claim, which is independent liability by the institutional defendant, which requires a completely different kind of proof of deliberate indifference. Generally, we don't see these cases where the public employee and the public employer are both seen together. What cases do you have? I might say maybe three cases where the lawsuit was separate against the employee and the employer. First of all, I don't see what you're saying. I'm talking about T.R. I'm talking about a general case, a nine-second case, where the public employee and the public employer were seen separately. I cannot cite for you a case in which the two claims were owned separately. What I can say is that there are cases, like the Wiesner and the Miller-Wilson case that we cited recently in our 28-J letter, where the claims against the individual defendant are time-barred, but the claims against the institutional defendant are not. And all of the cases that deal with such details were cases where the claims were brought together. They have a specific hazard that is dismissed as time-barred and the department's non-time-barred, which is the department we're pursuing here, is allowed to pursue. And I was just curious as to how procedurally we would write an opinion that would allow separate lawsuits against the public employee or the public employee. Yeah, I would encourage you to look at the TR decision and the Drezon decision and the civil code authority that we've cited. I don't think it's a new rule of law. I think it's just an application of an existing rule of law, which is that you have to, you know, or in the exercise of recent diligence, know about your claim against the institutional defendant. Thank you, counsel. Thank you, Your Honor. Thank you to both witnesses. Madam case on the calendar, United States v. Snyder, has been submitted on the briefs. And I believe that our counsel will proceed with our recess until 9 a.m. tomorrow morning. Ms. Schneider, you are authorized. Thank you. Thank you.
judges: O'scannlain, Rawlinson, Watters